UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

October 10, 2014

MEMORANDUM TO COUNSEL RE:    Firemen's Insurance Company of Washington, D.C.
v. John R. Hall, et al.
Civil Action No. GLR-14-2045

Dear Counsel:

Pending before the Court is Plaintiff Firemen's Insurance Company of Washington, D.C.'s ("FICW") Amended Motion for Default Judgment (ECF No. 13) and Defendant John R. Hall's Motion to Vacate Judgment and Motion to Dismiss for Failure to Effect Service of Process are pending. (ECF No. 14). The Court, having reviewed the motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014).

On June 25, 2014, FICW filed a Complaint for Declaratory Judgment against Hall and Defendant Jane L. Sheret. (ECF No. 1). Sheret was properly served on July 18, 2014. (ECF No. 9). FICW filed an affidavit affirming service was made upon Hall's counsel, Alan J. Mensh, Esq., on July 21, 2014. (ECF No. 8). Neither Defendant filed a responsive pleading within twenty-one days of service. See Fed.R.Civ.P. 12(a). Default was entered as to both Defendants on August 20, 2014. (ECF No. 11). On August 26, 2014, FICW filed its Amended Motion for Default Judgment.[1] (ECF No. 13). On August 29, 2014, Hall filed a Motion to Vacate Judgment and Motion to Dismiss for Failure to Effect Service of Process. (ECF No. 14). On September 2, 2014, FICW filed a correspondence requesting reissuance of the summons for Hall, stating it previously served "the wrong person." (ECF No. 15). Service was properly effected on Hall on September 4, 2014, requiring a responsive pleading to be filed by September 25, 2014. (ECF No. 17). FICW filed its Opposition to the Motion to Dismiss and Vacate Judgment on September 15, 2014. (ECF No. 18). Hall filed an Answer to the Complaint on September 29, 2014. (ECF No. 19).

Since FICW's attempt to serve Hall via his counsel was insufficient, the Court will vacate the entry of default and deny the Amended Motion for Default Judgment as to Hall only; the Motion will remain pending as to Sheret. Additionally, since Hall's Motion to Dismiss is based on the improper service of process and FICW properly served Hall after the Motion was filed, the Court will deny the Motion to Dismiss as moot,[2] and accept Hall's Answer to the Complaint.

---

[1] FICW filed a Motion for Default Judgment (ECF No. 12), but amended the Motion on the same date to add supporting facts. The Court will deny the original Motion as moot and only address the Amended Motion for Default Judgment.

[2] Hall also moves to vacate judgment, though no judgment has been entered against Hall and he presents no argument regarding the request in his Memorandum of Law in Support of the Motion.

      Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

                                        Very truly yours,

                                        /s/
                              _____

                              George L. Russell, III
                              United States District Judge

---

(ECF No. 14).  The Court will deny the Motion to Vacate Judgment as procedurally improper.